## AS TO WHETHER CERTAIN STATEMENTS WERE FALSE REPRESENTATIONS.

Circuit Court of Lorain County.

The J. D. Smith Foundry & Supply Co. v. The Lorain County Banking Co.*

Decided, December 28, 1909.

*False Representations.*

1. That the statement: "I have money enough now. I could pay cash for anything I should order if I wanted to," was false is not conclusively shown by proof that the person making the statement did not, at the time, have money in the bank.
2. The statement: "I have plenty of orders on hand," is not unwarranted if the person making it at the time had the promise from various reliable establishments that he should have their orders.

Marvin, J.; Winch, J., and Henry, J., concur.

The only question in this case is this: Did the plaintiff in error (which was the plaintiff below) show by the evidence that it parted with its property to Lieblang, by reason of false representations made by Lieblang to the plaintiff? If it did, it was entitled to a recovery in this action. If it did not, the result in the court below was right.

The evidence shows that a Mr. Smith, representing the plaintiff, sold to Lieblang something more than six hundred dollars

---

*Affirmed without opinion, *J. D. Smith Foundry Co.* v. *Lorain County Banking Co.*, 83 Ohio State, 481.

worth of devices and material designed for use in a foundry. He says in his testimony that he was induced to make the sale and deliver the property because of three things. First, Lieblang said in answer to an inquiry put to him by Smith as to his financial condition, "I have money enough now. I could pay cash for anything I should order if I wanted to." That he also said in answer to the same question, "I have plenty of orders on hand," and also, "You can see the people I am working for now: the Weller Engineering Company." He says that he inquired of Mr. Jones, the superintendent of the Weller Engineering Company, and Jones told him that Lieblang had told him (Jones) that he had property in Cleveland worth ten thousand dollars.

Surely it can not be said that Lieblang made any false representation to Smith by what he said to Jones, but it is urged that Lieblang's statement "I have plenty of orders on hand" was false. The facts show that he had no orders in writing on hand at the time he said this. The evidence shown that the Weller Engineering Company had said to Lieblang that he could have all of their work in his line which would amount to three or four hundred dollars every month, and that two other companies had said to him that they would take all the product of the foundry which he proposed to start which they could use in their business. We think it can not be said that Lieblang's statement, "I have plenty of orders on hand" was a false representation. He spoke as one might well speak who had the promise from various reliable establishments that he should have their work. From the evidence he was warranted in understanding that these several parties had agreed with him to take the products of his foundry. There remains only the other statement: "I have money enough now, I could pay cash for anything I should order if I wanted to." It is claimed that this is disproved by the testimony of Lieblang himself. That testimony, so far as it relates to this question, is as follows:

"Q. At that time" (referring to the time when contract of sale was made) "what money, if any, did you have in bank? A. None.

"Q.   At that time did you have any personal property other than money?   A. No, sir."

This is all the evidence there is to show that when Lieblang made the statement that he had money enough to pay for the goods at the time of the purchase, if he wished to do so, he told what was not true.

For some reason counsel for the plaintiff did not see fit to ask Lieblang if he had any money in his pocket or anywhere except to ask him if he had any in the bank.   It does not follow that one who does not have money in bank, to the amount of six or seven hundred dollars does not have that amount of money in his pocket or elsewhere.   If the plaintiff desired to show that this statement of Lieblang was false, he should have tried to show by somebody, either by asking Lieblang, if he chose to do so, or by producing some other witness who knew, that he had no money.

This case was tried to the court without the intervention of a jury.   The court reached the conclusion that the plaintiff had not sustained his case.   In reaching such conclusion we think the court was right, and its judgment is affirmed.